UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMANTHA KARDOS,

    Plaintiff,

File No. 1:11-CV-964

v.

HON. ROBERT HOLMES BELL

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
                                 /

## MEMORANDUM OPINION AND ORDER ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This action comes before the Court on Plaintiff Samantha A. Kardo's objections to the Magistrate Judge's March 4, 2013, Report and Recommendation ("R&R") recommending that the final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits and supplemental security income benefits be affirmed. (Dkt. No. 27, R&R; Dkt. No. 31, Obj.)

This Court is required to make a *de novo* review upon the record of those portions of the R&R to which objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y*

*of Health and Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)).

Plaintiff objects to the Magistrate Judge's conclusion that the ALJ's residual functional capacity ("RFC") determination satisfied Social Security Ruling 96-8p's requirement that the claimant's work-related abilities be assessed on a function-by-function basis. Plaintiff contends that the ALJ's fact summary is not analysis, and does not explain how the facts support the FRC determination. *See Kerr v. Comm'r*, No. 12-CV-10119, 2013 WL 388987, at *10 (E.D. Mich. Jan. 10, 2013) (holding that, while it presented a close question, the ALJ's treating-source analysis was deficient because a fact summary does not provide required analysis).

On *de novo* review, the Court agrees with the Magistrate Judge's determination that the ALH's function-by function analysis need not be in writing. *See Delgado v. Comm'r*, 30 F. App'x 542, 547 (6th Cir. 2002). The Court also finds that the ALJ's discussion of the record evidence adequately articulates how the evidence supports her RFC determination.

Plaintiff also objects to the Magistrate Judge's conclusion that the ALJ's mental RFC finding was supported by substantial evidence. Plaintiff contends that the ALJ failed to articulate how Plaintiff's moderate difficulties in concentration, persistence, and pace were accounted for in the RFC determination.

The ALJ addressed Plaintiff's mental impairments by limiting her RFC to performing simple, routine, repetitive tasks, with occasional interactions with others, preferably in a small, familiar group. (Tr. 16, 20.) Courts have repeatedly found that in the absence of medical evidence supporting specific limitations such as those found in *Ealy v.*

2

*Commissioner of Social Security*, 594 F.3d 504, 516 (6th Cir. 2010), an RFC's limitation to simple repetitive tasks may very well be adequate to address a claimant's moderate impairment as to concentration, persistence, and pace. *See*, *e.g.*, *Harvey v. Colvin*, No. 5:12-CV-2026, 2013 WL 1500688, at *11-12 (N.D. Ohio Apr. 10, 2013); *Thames v. Comm'r of Soc. Sec.*, No. 11-15294, 2013 WL 1279160, at *8 (E.D. Mich. Mar. 13, 2013), *R&R adopted*, 2013 WL 1279058 (E.D. Mich. Mar. 26, 2013); *Clayton v. Astrue*, No. 1:12-CV-79, 2013 WL 427407, at *7 (S.D. Ohio Feb. 1, 2013), *R&R adopted*, 2013 WL 949833 (S.D. Ohio Mar. 12, 2013); *Taylor v. Comm'r of Soc. Sec.*, No. 1:11-CV-46, at *10 (W.D. Mich. Mar. 26, 2012); *Steed v. Astrue*, No. 4:11-CV-204, 2012 WL 1097003, at *9 (N.D. Ohio Mar. 30, 2012). The Court is satisfied that the RFC adequately incorporated Plaintiff's mental limitations, and that the mental RFC finding was supported by substantial evidence in the record, including Plaintiff's treatment record and the opinion of psychological consultant Dr. Wayne Hill. Accordingly,

**IT IS HEREBY ORDERED** that the March 4, 2013, R&R (Dkt. No. 27) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits and supplemental security income benefits is **AFFIRMED**.

Dated: May 3, 2013 /s/ Robert Holmes Bell  
ROBERT HOLMES BELL  
UNITED STATES DISTRICT JUDGE